**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Amanda Mooneyhan : | |
| : | Judge: |
| Plaintiff, : | |
| : | Magistrate: |
| vs. : | |
| : | Case no.:  3:12-cv-379 |
| John Husted, in his official capacity as : | |
| the Ohio Secretary of State, : | **COMPLAINT AND REQUEST** |
| : | **FOR TEMPORARY** |
| and : | **RESTRAINING ORDER** |
| : | |
| Becky J. A. Martin, in her official : | |
| capacity as director of the Darke : | |
| County Board of Elections. : | |

## I. NATURE OF THE ACTION

1. Plaintiff Amanda Mooneyhan is an individual with a psychiatric disability who has been prohibited by Defendant John Husted, Ohio Secretary of State, and Defendant Becky J. A. Martin, director of the Darke County Board of Elections, from participating in the General Election on November 2, 2012 on the basis of her disability in violation of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.  Plaintiff requests immediate declaratory and injunctive relief to allow her to complete and submit an absentee ballot so that she can exercise her fundamental right to vote.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which provides for original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

3. This Court also has jurisdiction over Plaintiff's claims for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

4. Venue is proper in the Southern District of Ohio, Western Division, because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and because Defendants reside in this district.

### III. PARTIES

5. Plaintiff is an individual with a psychiatric disability.

6. Plaintiff is currently hospitalized at Northwest Ohio Psychiatric Hospital in Toledo, Ohio and, because of her psychiatric disability, is unable to leave the hospital.

7. Plaintiff is a registered voter whose county of residence is located in Darke County, Ohio.

8. Defendant John Husted is the Ohio Secretary of State and is sued in his official capacity.

9. Defendant Husted is the chief elections officer for the state of Ohio, supervises the administration of elections laws, and oversees the elections process for elections in Ohio, including the General Election of November 6, 2012.

10. Defendant Becky J. A. Martin is the director of the Darke County Board of Elections and is sued in her official capacity.

11. Defendant Martin is the executive head of the Darke County Board of Elections and has the statutory duty to administer elections, including the General Election of November 6, 2012, for residents of Darke County.

**IV.    FACTUAL ALLEGATIONS**

12.    On October 31, 2012, Plaintiff mailed to the Darke County Board of Elections an application for an absentee ballot pursuant to R.C. § 3509.03 so that she could vote in the General Election on November 6, 2012 by absentee ballot.

13.    This application stated that the absentee ballot should be mailed to her at Northwest Ohio Psychiatric Hospital in Toledo, Ohio.

14.    On November 5, 2012, Plaintiff and Cynthia Hitt, the client rights advocate at Northwest Ohio Psychiatric Hospital, together contacted the Darke County Board of Elections to inquire about her application for an absentee ballot.

15.    Plaintiff and Ms. Hitt were informed by the Darke County Board of Elections that her application had been received and that the absentee ballot had been mailed to her on November 2, 2012.

16.    Plaintiff never received the absentee ballot and, unable to leave the hospital because of her disability, was not able to vote in person in Darke County.

17.    Plaintiff requested that both Defendant Husted and Defendant Martin grant her reasonable accommodations for her disability to allow her to participate in the General Election on November 6, 2012, including by submitting her absentee ballot by fax or email, by provisional ballot, or by sending two employees from the Darke County Board of Elections or Lucas County Board of Elections to deliver the absentee ballot to Plaintiff personally on November 6, 2012.

18.    Defendant Husted and Defendant Martin refused these requests, effectively prohibiting her from voting in the General Election on November 6, 2012.

3

**V.     FIRST CAUSE OF ACTION- TITLE II OF THE AMERICANS WITH DISABILITIES ACT**

19.     Plaintiff incorporates paragraphs 1 through 18 of her Complaint as if fully rewritten herein.

20.     Plaintiff has mental impairments that substantially limit one or more major life activities and therefore has a disability as defined by Title II of the Americans with Disabilities Act (ADA).  42 U.S.C. § 12102; 28 C.F.R. § 35.104.

21.     Plaintiff is a qualified individual with a disability because, with or without reasonable modifications to rules, policies, or practices, she meets the essential eligibility requirements for participation in the General Election of November 6, 2012.  28 C.F.R. § 35.104.

22.     Defendant Husted is a public entity within the meaning of Title II of the ADA.  42 U.S.C. § 12131(1); 28 C.F.R. § 35.104.

23.     Defendant Martin is a public entity within the meaning of Title II of the ADA.  42 U.S.C. § 12131(1); 28 C.F.R. § 35.104.

24.      Title II of the ADA prohibits a public entity from subjecting a qualified individual with a disability to discrimination or excluding him or her from participation in or denying him or her the benefits of its services, programs, or activities by reason of such disability.  42 U.S.C. § 12132; 28 C.F.R. § 35.130(a).

25.     Title II of the ADA requires a public entity to make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability.  28 C.F.R. § 35.130(b)(7).

26.     Defendant Husted and Defendant Martin have discriminated against Plaintiff by their refusal to modify their policies, practices, or procedures to avoid discriminating against Plaintiff on the basis of her disability.

**VI.  SECOND CAUSE OF ACTION- SECTION 504 OF THE REHABILITATION ACT OF 1973**

27. Plaintiff incorporates paragraphs 1 through 26 of her Complaint as if fully rewritten herein.

28. Plaintiff is a person with a disability within the meaning of Section 504 of the Rehabilitation Act of 1973. ("Section 504"), 29 U.S.C. § 794(a), and its implementing regulations.

29. Defendant Husted is a recipient of federal funding under Section 504 and its implementing regulations.

30. Defendant Martin is a recipient of federal funding under Section 504 and its implementing regulations.

31. Plaintiff is a qualified individual with a disability within the meaning of Section 504 and its implementing regulations because she meets the essential eligibility requirements, with or without reasonable modifications to Defendants' policies, practices, or procedures, for participation in the General Election of November 6, 2012.

32. Section 504 and its implementing regulations prohibit a recipient of federal funding from subjecting a qualified individual with a disability to discrimination or excluding him or her from participation in or denying him or her the benefits of its programs and activities solely by reason of his or her disability.

33. Defendant Husted and Defendant Martin, by its refusal to modify their policies, practices, or procedures to allow Plaintiff to participate in the General Election of November 6, 2012, have discriminated against her on the basis of her disability in violation of Section 504 and its implementing regulations.

**VII.    PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court:

A.    Assume jurisdiction over this matter;

B.    Issue a declaratory judgment holding that Defendants have violated Plaintiff's rights under Title II of the ADA;

C.    Issue a declaratory judgment holding that Defendants have violated Plaintiff's rights under Section 504 of the Rehabilitation Act of 1973;

D.    Issue a temporary restraining order to prevent irreparable harm from occurring to her and her fundamental right to vote;

E.    Award Plaintiff attorneys' fees and costs as permitted by law; and

F.    Provide such other relief as is just and equitable.

Respectfully submitted,

/s/ Kevin J. Truitt
Kevin J. Truitt (0078092)
ktruitt@disabilityrightsohio.org
Kerstin Sjoberg-Witt (0076405)
ksjoberg-witt@disabilityrightsohio.org
Disability Rights Ohio
50 W. Broad St., Suite 1400
Columbus, OH 43215
(614) 466-7264
(614) 644-1888 - fax
Counsel for Plaintiff Amanda Mooneyhan