## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **Amanda Mooneyhan** | : | **Case No.: 3:12-cv-379** |
| Plaintiff, | : | |
| | : | **Judge:** |
| vs. | : | |
| | : | **Magistrate Judge:** |
| **THE DARKE COUNTY BOARD OF ELECTIONS** | : | |
| and | | |
| **OHIO SECRETARY OF STATE, RON HUSTED** | | |
| | : | |
| Defendant. | : | |

## MOTION FOR TEMPORARY RESTRAINING ORDER

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully moves this Court to grant a temporary restraining order to enjoin Defendants to provide reasonable accommodations to the plaintiff who is confined to a hospital in Northwest Ohio Psychiatric Hospital in Toledo, Ohio, so that she can receive and submit an absentee ballot.  In support of this Motion, plaintiff relies on the Memorandum in Support of Motion for a Temporary Restraining Order and the declaration of Amanda Mooneyhan, all of which are attached to and made a part of this Motion.

Respectfully submitted,

s/Kevin Truitt
Kerstin Sjoberg-Witt (0076405)
ksjoberg-witt@disabilityrightsohio.org
Kevin J. Truitt (0078092)
ktruitt@disabilityrightsohio.org
**DISABILITY RIGHTS OHIO**
50 W. Broad St., Suite 1400
Columbus, OH  43215
(614) 466-7264 (Phone)
(614) 644-1888  (Fax)

Counsel for Plaintiff

## MEMORANDUM IN SUPPORT

I. **BACKGROUND AND PROCEDURE**[1]

Plaintiff has a disability and is currently hospitalized in Northwest Ohio Psychiatric Hospital in Toledo, Ohio. On October 31, 2012, Plaintiff sent an application for an absentee ballot to the Darke County Board of Elections, which is Plaintiff's county of residence. On November 5, 2012, Plaintiff and her clients rights advocate called the Darke County Board of Elections to ask about the ballot.  She was told that her application was received and that her ballot had been mailed on November 2, 2012. Plaintiff has not received her absentee ballot.  The staff at the hospital have checked daily and it has not arrived. Plaintiff is a registered voter and wishes to vote in this election.  Plaintiff seeks a reasonable modification to vote provisionally as other voters would who requested, but did not receive, absentee ballots.  Because she is hospitalized in Lucas County because of her disability, and unable to go to a polling location in her county of residence, she requests that the Darke County Board of Elections provide a provisional ballot to her at the hospital.

II. **PLAINTIFF CAN ESTABLISH THE NECESSARY ELEMENTS FOR THIS COURT TO GRANT A TEMPORARY RESTRAINING ORDER**

Under Fed. R. Civ. P. 65(b), this court can grant a temporary restraining order ex parte if the plaintiffs present "specific facts shown by affidavit" that they will suffer irreparable harm during the time it would take to notify the defendants and hold a hearing.  First Technology Safety Systems, Inc. V. Depinet, 11 F. 3d 641, 649-652 (6th Cir. 1993).

In determining whether to grant a temporary restraining order, this Court must consider four factors: (1) the likelihood that the plaintiffs will succeed on the merits; (2) whether there is threat of irreparable harm to plaintiffs; (3) the probability that granting the temporary restraining

---

[1] Plaintiff refers to and incorporates the Declarations of Amanda Mooneyhan (attached) as verification of the facts of this case.

order will cause substantial harm to others; and (4) whether the public interest is advanced by the issuance of the temporary restraining order. See, Forrey v. Neundorfer, Inc., 837 F. 2d 259, 262 (6th Cir. 1988). These are "factors to be balanced, not prerequisites that must be met." In re delorean motor co. V. Delorean, 755 f. 2d 1223, 1229 (6th cir. 1985).

    A.    **THERE IS A SUBSTANTIAL LIKELIHOOD THAT PLAINTIFF WILL PREVAIL ON THE MERITS OF THIS CASE**

        1.    **The Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act of 1973**

Title II of the ADA and Section 504 of the Rehabilitation Act contain identical language provides that public entities may not exclude or deny qualified individuals with disabilities the benefits of their programs, services or activities. 42 U.S.C. § 12132. Title II regulations require public entities to provide reasonable modifications in their programs, services and activities to enable individuals with disabilities to benefit equally from the services. 28 C.F.R. § 35.130(b)(7). Consequently, if a voter requires modifications due to a physical or mental disability to enable her to register to vote or cast a ballot, modifications must be provided unless they would create an undue burden or fundamental alteration. *Id*.

Title II regulations entitle people with disabilities to program access—that is, each facility used in a public entity's program need not be accessible, but the program as a whole must be, unless creating accessibility would entail an undue burden or fundamental alteration. 28 C.F.R. § 35.150. Under this standard, every polling or registration site does not have to be accessible to citizens with disabilities, as long as the voting program as a whole is accessible.

The ADA's program-access standard permits alternative methods of access. For example, providing alternative or absentee ballots to enable citizens with disabilities to vote up until the date of the election may satisfy the ADA's program-access requirement. See *NAACP v. Philadelphia Bd. of Elections*, No. CIV A.97-7085, 1998 WL 321253 (E.D. Pa. June 16,

1998)(the provision of alternative ballots that could be submitted up until the polls closed was a reasonable modification that defendants could choose to provide to comply with the ADA) and *DiPietrae v. City of Philadelphia*, 666 A.2d 1132 (Pa. Commw. Ct. 1995). (affirming the decision that permitting voters with disabilities to appoint individuals to pick up absentee ballot applications and ballots for them and to deliver the completed ballots to the election board was required by the ADA and Voting Rights Act). The ADA requires that some accommodation be made to allow disabled persons to vote.

    In this case, Plaintiff requested an absentee ballot on October 31, 2012 because she is currently hospitalized in Lucas County due to her disability. She contacted the Darke County Board of Elections on November 5, 2012 to check on the status of her absentee ballot, and she was informed that it was mailed to the hospital on November 2, 2012. Plaintiff has not received the absentee ballot, and now requests that she be provided a provisional ballot so she may vote. Defendants Husted and Martin refused to modify their policies, practices, or procedures to allow Plaintiff to participate in the General Election of November 6, 2012, and have discriminated against her on the basis of her disability in violation of Section 504 and its implementing regulations and Title II of ADA.

    The requested modifications for Ms. Mooneyhan would not be an undue burden, and indeed, when Ohio elections provisions are read together as a whole, are within the general contours of what state law either requires or permits. Ohio elections law currently allows a registered voter who has requested an absentee ballot but has not returned a voted absentee ballot to vote with a provisional ballot. Ohio Rev. Code § 3509.09(B)(1). In addition, Ohio elections law requires the board of elections to designate two employees belonging to the two major political parties to deliver an absentee ballot to a disabled or confined voter and return the voted

ballot to the board. Ohio Rev. Code § 3509.08. Moreover, in the case of a uniformed services or overseas absent voter, a voter may receive an absentee ballot by facsimile transmission, electronic mail or through internet delivery. When these provisions are read together, the only reasonable conclusion is that Ohio law permits, and at times requires, the boards of elections to take actions that would permit immediate delivery of a ballot to Ms. Mooneyhan in order for her to vote in the general election today.

### B. THERE IS IRREPARABLE INJURY

As another branch of this Court stated, "(t)he Supreme Court has held that '[n]o right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live. Other rights, even the most basic, are illusory if the right to vote is undermined.'" *Spencer v. Blackwell*, 347 .F.Supp.2d 528, 537 (S.D. Ohio 2004). As the Court stated in *Spencer*, supra, if the right to vote is threatened, there is irreparable injury. In this case, plaintiff will be denied the right to have her vote counted unless this Court grants immediate injunctive relief.

### C. THERE IS NOT SUBSTANTIAL HARM TO OTHERS

Allowing plaintiff to have the right to vote and to have his votes counted cannot cause substantial harm to others. See, *Spencer v. Blackwell*, supra, at 538.

### D. THE PUBLIC INTEREST IS FAVORED BY GRANTING THE TEMPORARY RESTRAINING ORDER

As the Court stated in *Spencer*, supra, " 'It is always in the public interest to prevent violation of a party's constitutional rights.' " Id., at 538.

## III. CONCLUSION

For the foregoing reasons, the Motion for a Temporary Restraining Order must be granted.

Respectfully submitted,

s/Kevin Truitt
Kerstin Sjoberg-Witt (0076405)
ksjoberg-witt@disabilityrightsohio.org
Kevin J. Truitt (0078092)
ktruitt@disabilityrightsohio.org
**DISABILITY RIGHTS OHIO**
50 W. Broad St., Suite 1400
Columbus, OH  43215
(614) 466-7264 (Phone)
(614) 644-1888  (Fax)
Counsel for Plaintiff