IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Amanda Mooneyhan | : | |
| | | Case No. 3:12-CV-379 |
| Plaintiff, | : | |
| | | Judge Walter H. Rice |
| vs. | : | |
| | | **PLAINTIFF'S MOTION** |
| Jon Husted, et al., | : | **REQUESTING FINAL RELIEF; NOTICE OF INTENT** |
| Defendants. | : | **TO SEEK ATTORNEYS' FEES** |

Pursuant to this Court's November 16, 2012 *Decision and Entry Sustaining Plaintiff's Motion for a Temporary Restraining Order* (Doc. 12), which required notice to this Court "within ten calendar days concerning how Plaintiff wishes to proceed with this litigation, if at all," Plaintiff Amanda Mooneyhan, by and through counsel, hereby requests that this Court issue permanent and final relief to her and against Defendant Jon Husted, Ohio Secretary of State, and Defendant Becky J. A. Martin, Director of the Darke County Board of Elections.

Through this Court's November 16, 2012 *Decision and Entry*, Plaintiff has obtained substantially all of the relief she requested in her Complaint and Motion for Temporary Restraining Order filed on November 6, 2012 (Doc. 1). This Court ordered the Director of the Darke County Board of Elections to count Plaintiff's absentee ballot, despite being postmarked a day late, and to notify this Court by affidavit that the ballot has been received, segregated according to its previous order, and "counted in the final tally of votes cast for all applicable contests." According to R.C. 3509.05(B)(1), all absentee ballots sent by mail must be counted on the eleventh day following Election Day, which, in this case, was Saturday, November 17, 2012. Consequently, it would be appropriate to convert the *Decision and Entry* regarding Plaintiff's Motion for a Temporary Restraining Order (Doc. 2) into a Decision and Entry

granting permanent injunctive relief. *See* Fed. R. Civ. P. 65(a)(2); *McQueary v. Conway*, 614 F.3d 591, 599 (6th Cir. 2010) (stating that, in cases where the plaintiff obtains all of the relief requested "once the preliminary injunction served its purpose," he or she may ask the court to convert the motion for a preliminary injunction into a motion for a final injunction pursuant to Fed. R. Civ. P. 65(a)(2)).

Furthermore, in its November 16, 2012 *Decision and Entry*, Plaintiff's counsel is also required to notify the Court "whether she wishes to pursue her request for attorneys' fees." As a prevailing party in this matter under the Americans with Disabilities Act, 42 U.S.C. § 12205, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794a(b), Plaintiff is entitled to seek an award of attorneys' fees. *See McQueary*, 614 F.3d 591. Plaintiff proposes to file a motion for attorneys' fees and costs within the timeframe required by S.D. Ohio Civ. R. 54.2 of forty-five (45) days after the entry of judgment granting the requested permanent injunctive relief, or in whatever manner the Court orders.

Respectfully submitted,

s/ Kevin J. Truitt
Kevin J. Truitt (0078092)
ktruitt@disabilityrightsohio.org
Kerstin Sjoberg-Witt (0076405)
ksjoberg-witt@disabilityrightsohio.org
Disability Rights Ohio
50 W. Broad Street, Suite 1400
Columbus, Ohio 43215
(614) 466-7264
(614) 644-1888 – fax
Counsel for Plaintiff

2

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Plaintiff's Motion Requesting Final Relief; Notice of Intent to Seek Attorneys' Fees was filed electronically on November 26, 2012. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

                                                     s/ Kevin J. Truitt
                                                     Kevin J. Truitt (0078092)
                                                     Attorney for Plaintiff