**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Amanda Mooneyhan,                    :

             Plaintiff,            :          Case No. 3:12-CV-379

                          :          Judge Walter H. Rice

vs.                                          :

Jon Husted, et al.,                    :

             Defendants.        :

**PLAINTIFF'S MOTION FOR**
**ATTORNEYS' FEES AND COSTS**

Now comes Plaintiff Amanda Mooneyhan ("Plaintiff"), by and through counsel, and,

pursuant to S.D. Ohio Local Rule § 54.2 and Fed. R. Civ. P. 54(d), moves this Court to award

her attorneys' fees and costs in this case.

**MEMORANDUM IN SUPPORT**

On the evening of November 6, 2012, Plaintiff filed her *Complaint and Motion for*

*Temporary Restraining Order* (Docs. 1 and 2) against Defendants Jon Husted, Ohio Secretary of

State, and Becky Martin, Director of the Darke County Board of Elections, in their official

capacities.  Plaintiff alleged that she was prohibited, on the basis of her disability, from

exercising her fundamental right to vote in the November 6, 2012 General Election by the

Defendants' refusal to modify their policies, practices, and procedures to accommodate her

disability, a violation of her rights under Title II of the Americans with Disabilities Act, 42

U.S.C. § 12132, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a).

In a *Decision and Entry* dated November 16, 2012 (Doc. 12), this Court granted

Plaintiff's motion, ordering Defendant Martin to count Plaintiff's ballot even though it was

postmarked a day late, and to notify this Court by affidavit that the ballot had been received, segregated as previously ordered, and counted in the final tally of votes, which she accomplished on December 5, 2012 (Doc. 16).

On December 20, 2012, Plaintiff and Defendant Husted filed with this Court a number of stipulations, agreeing that, pursuant to this Court's decision, Plaintiff has received the relief requested in her *Complaint and Motion for Temporary Restraining Order*. Thus, Plaintiff and Defendant Husted agreed that she qualifies as a prevailing party under Title II of the ADA and that the only remaining issue in this case is "the appropriate and reasonable amount of attorneys' fees due to Plaintiff's counsel under the fee shifting statute." (Doc. 17)

Although Defendant Martin has not stipulated that Plaintiff is a prevailing party in this matter, there cannot be any dispute that she is in fact a prevailing party within the meaning of the ADA, which provides that "[i]n any action … commenced pursuant to this chapter, the court …, in its discretion, may allow the prevailing party … a reasonable attorney's fee, including litigation expenses, and costs … ." 42 U.S.C. § 12205; *see also* 29 U.S.C.§ 794a(b) (containing similar language for prevailing parties under Section 504 of the Rehabilitation Act of 1973). A plaintiff is a prevailing party if he or she "succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing the suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties," *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989), in such a way that "the defendant's behavior [is modified] in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992). *See also Sanglap v. LaSalle Bank, FSB*, 345 F.3d 515, 520 (7th Cir. 2003) (noting that "[f]ees [in an ADA case] should be awarded to prevailing plaintiffs as a matter of course").

Here, Plaintiff obtained virtually all of the relief she requested in her *Complaint and Motion for Temporary Restraining Order*, which caused a material alteration of the legal relationship between Plaintiff and Defendants, who, until this Court's November 16, 2012 *Decision and Entry*, refused to accommodate Plaintiff and her disability and allow her an equal opportunity to participate in the November 6, 2012 General Election. As a result of both Plaintiff's legal action and this Court's decision, Plaintiff's ballot was counted in the final tally of votes in Darke County, Ohio, which otherwise would not have occurred.

After determining that a party is entitled to fees, a court must then determine whether the fees are reasonable. *See, Paschal v. Flagstar Bank, 297 F.3d 431, 434 (6th Cir. 2002) citing Reed v. Rhodes, 179 F.3d 453, 471 (6th Cir. 1999).* A reasonable award is calculated based on the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In establishing this "lodestar" amount, the prevailing party should exercise billing judgment to exclude from the fee request any hours that are excessive, duplicative, or otherwise unnecessary. *Id.* at 434. There is a strong presumption that the lodestar amount is a reasonable fee to be awarded to prevailing parties. *See*, *Blanchard v. Bergeron*, 489 U.S. 87, 95 (1989), citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986); *Women's Med. Prof'l Corp. v. Baird*, No. 2:03cv162, 2003 U.S. Dist. LEXIS 25906, *4 (S.D. Ohio Dec. 15, 2003).

All of the attorneys (and paralegals) from Disability Rights Ohio who represented Plaintiff in this case have submitted declarations (see Exhibits 1-6) and itemizations of fees (see Exhibit 7) setting forth their hourly rates and the amount of time they have expended on this case. Also, John Marshall, an expert on attorneys' fees in Central Ohio, has submitted an affidavit (see Exhibit 8) stating that the amount of time and hourly rates are fair and reasonable.

Thus, Plaintiff is entitled to $350.00 in costs (filing fee) and $23,702.50 in attorneys' fees, a combined total of $24,052.50, for their work on this case.  Plaintiff requests that her counsel be awarded the entire amount requested.

Respectfully submitted,

s/ Kevin J. Truitt
Kevin J. Truitt (0078092)
ktruitt@disabilityrightsohio.org
Kerstin Sjoberg-Witt (0076405)
ksjoberg-witt@disabilityrightsohio.org
Ohio Disability Rights Law and Policy Center, Inc.
Disability Rights Ohio
50 W. Broad St., suite 1400
Columbus, OH 43215
(614) 466-7264
(614) 644-1888 – fax
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's *Motion for Attorneys' Fees and Costs* was filed electronically on January 11, 2013.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

s/ Kevin J. Truitt
Kevin J. Truitt (0078092)