IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AMANDA MOONEYHAN, :

    Plaintiff,

v. : Case No. 3:12-cv-379

JON HUSTED, *et al.*, : JUDGE WALTER H. RICE

    Defendants. :

---

DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS (DOC. #19); AWARDING PLAINTIFF $23,237.50 IN ATTORNEYS' FEES AND COSTS; PLAINTIFF TO FILE SUPPLEMENTAL FEE REQUEST WITHIN TEN DAYS

---

Late in the afternoon on November 6, 2012, Plaintiff Amanda Mooneyhan, a Darke County resident hospitalized in Toledo because of her psychiatric condition, contacted Disability Rights Ohio for assistance in securing her right to vote in the General Election, which was being held that day. Although she had requested an absentee ballot, she had not yet received it in the mail. Attorneys for Disability Rights Ohio contacted the Ohio Secretary of State's Office to seek a reasonable accommodation. When those efforts were unsuccessful, they quickly filed a Complaint and a Motion for a Temporary Restraining Order, just before the polls closed that evening. Docs. ##1,2.

Over the next several days, the parties briefed the issues and, on November 16, 2012, the Court sustained Plaintiff's Motion for a Temporary Restraining

Order, ordering the Secretary of State to count Plaintiff's absentee ballot even though it had been submitted late. Doc. #12. Subsequently, the parties stipulated that Plaintiff had received all of the relief requested, and was a "prevailing party" entitled to attorneys' fees under the fee-shifting provisions of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a). Doc. #17.

This matter is currently before the Court on Plaintiff's Motion for Attorneys' Fees and Costs, which was filed on January 11, 2013. Doc. #19. Plaintiff initially requested $23,702.50 in attorneys' fees, plus $350.00 in costs, for a total of $24,052.50. In her reply brief, Doc. #21, she agreed to reduce her fee request to $22,887.50, bringing the revised total, with costs, to $23,237.50. Doc. #21.

In support of her motion, she submitted sworn declarations from the four attorneys and two paralegals who worked on the case, along with their time entries. She also submitted the sworn declaration of Columbus attorney John Marshall, who opined that the hourly rates requested were fair and reasonable, and in line with rates charged by central Ohio attorneys with similar levels of background, skill, and experience. He further opined that the hours spent on this case were reasonable and necessary. Marshall Decl. ¶¶8-9.

Defendant, Ohio Secretary of State Jon Husted, filed a Memorandum in Opposition to Plaintiff's Motion, arguing that the request for attorneys' fees should be cut by more than half. Doc. #20. He does not object to the hourly rates requested, but rather argues that the time expended on the case was

2

unreasonable. He further argues that the amount of time spent on the fee application is disproportionate to the time spent litigating the case.

The Court turns first to the billing entries related to the litigation itself. Defendant asks the Court to exclude $1,462.00 for time spent on certain clerical or administrative tasks. Ex. A to Doc. #20. In response to this argument, Plaintiff reviewed the billing entries and agreed that many were not compensable. Accordingly, she agreed to reduce her fee request by $635.50. The Court has reviewed the remainder of the billing entries at issue and finds that they are neither clerical nor administrative in nature. They are, therefore, compensable.

Defendant also urges the Court to reduce the requested fees by $1,586.00 for approximately 30 billing entries that he argues are too vague. Plaintiff maintains that the billing entries are sufficient because they describe the subject matter, the attorney, the time spent, and the relevant charge. The Court agrees that, "when read in the context of the billing statement as a whole and in conjunction with the timeline of the litigation," the billing entries at issue are sufficiently specific to allow the Court to determine the reasonableness of the fees requested. *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 554 (6th Cir. 2008). Explicitly detailed descriptions of the tasks completed are not required. *Id.*

Defendant next argues that, in general, it was unreasonable for Plaintiff's legal team to spend 123 hours on a case that was concluded in just 10 days, a matter that involved just "one absentee ballot." In particular, Defendant maintains that: (1) it was unreasonable for Plaintiff's attorneys to spend 48.3 hours working

3

on the reply brief; (2) Plaintiff's counsel spent needless time researching basic issues like service waivers; (3) Plaintiff's counsel spent needless time researching Defendant's right to appeal the Court's decision sustaining the Motion for a Temporary Restraining Order; and (4) too many attorneys and paralegals worked on Plaintiff's case, resulting in needless intra-office conferences, and duplicative charges.

Alleging widespread duplication of effort, in addition to other defects in the billing entries, Defendant urges the Court to apply an across-the-board reduction in fees of 50%. *See Coulter v. Tennessee*, 805 F.2d 146, 152 (6th Cir. 1986) (reducing fees by 50% where duplication of effort was a "serious problem"); *Saint-Gobain Autover USA, Inc. v. Xinyi Glass N. Am., Inc.*, 707 F. Supp.2d 737, 764-65 (N.D. Ohio 2010) (applying a 50% across-the-board reduction in fees to account for deficiencies in the billing records).

Plaintiff has agreed to deduct $179.50 from her request for billing entries related to researching service waivers. She maintains, however, that all other fee requests are warranted. She maintains that because of the significant time restraints involved in this case, the use of four attorneys and two paralegals was reasonable and necessary.[1] For the sake of efficiency, research and writing responsibilities had to be divided up, requiring the attorneys to confer to coordinate their work. Moreover, the issues raised were important ones. Plaintiff's

---

[1] Plaintiff notes that four attorneys also entered an appearance on behalf of Defendant.

4

fundamental right to vote was at stake, and Defendant had a legal duty to reasonably accommodate her disability.

Plaintiff maintains that her attorneys reasonably expended 48.3 hours on the reply brief in support of the Motion for Temporary Restraining Order. The Court agrees. As Plaintiff notes, they had very little time to conduct research *prior* to filing that motion, and Defendant raised numerous arguments in his Memorandum in Opposition. Those arguments needed to be addressed, and Plaintiff's counsel did an excellent job. The merits of the case were decided solely on the briefs, and the Court accepted virtually all of the arguments made in Plaintiff's reply brief.

Plaintiff also adequately defends the time spent researching the appealability of the Court's decision sustaining the Motion for a Temporary Restraining Order. Given that counsel for Defendant orally requested a stay of that decision pending appeal to the Sixth Circuit, Plaintiff's counsel reasonably expected an appeal to be filed and had to be prepared to defend against it.

The Court finds that, particularly in light of the tight time constraints and the importance of the issues presented here, the hours Plaintiff's legal team spent prosecuting the case were reasonable and necessary. There is no evidence of widespread duplication of effort, or of significant deficiencies in the billing entries. The Court therefore rejects Defendant's request for an across-the-board reduction in attorneys' fees.

Finally, Defendant argues that Plaintiff's request for $3,448.50 for work related to the Motion for Attorneys' Fees is excessive in relation to the time spent

5

on this litigation. As the Sixth Circuit noted in *Coulter*, although time spent on fee applications is compensable, some limitations are needed "to insure that the compensation from the attorney fee case will not be out of proportion to the main case and encourage protracted litigation." 805 F.2d at 151. The court held that "[i]n the absence of unusual circumstances, the hours allowed for preparing and litigating the attorney fee case should not exceed 3% of the hours in the main case when the issue is submitted on the papers without a trial." *Id.*

Plaintiff's revised request for attorneys' fees is $22,887.50. When the $3,448.50 attributable to time spent on the fee application is subtracted, this leaves a balance of $19,439.00. If the Court were to apply the 3% rule, Plaintiff would be entitled to no more than $583.17 for work related to the fee application.

Plaintiff argues, however, that because of the unusual circumstances of this case, the general rule established in *Coulter* should not apply. The policy considerations that gave rise to the 3% rule are simply not relevant here. Protracted litigation was never a possibility because, if Plaintiff's absentee ballot were going to be counted, the merits of the case had to be decided in just ten days.[2] Moreover, early settlement was not an option. Because Defendant had refused Plaintiff's request for a reasonable accommodation, judicial intervention was needed.

---

[2] Ohio Revised Code § 3509.05(B)(1) provides that absentee ballots will be counted on the eleventh day after an election.

6

The Court agrees that because of the unusual circumstances presented here, application of the 3% cap for "fees on fees" serves no useful purpose and, in fact, unfairly penalizes Plaintiff, whose attorneys had a very limited amount of time to work on the case. Any disproportionality between the time spent preparing the fee application and the time spent on the main case is attributable solely to the tight timeline of this litigation. The Court therefore finds that Plaintiff is entitled to the full amount of fees related to preparation of the fee application.

Plaintiff also requests permission to submit supplemental billing records for time spent working on the reply brief in support of the Motion for Attorneys' Fees and Costs. She notes that Defendant filed a lengthy and detailed Memorandum in Opposition to that Motion, requiring her attorneys to spend substantial additional time addressing the issues raised.

For the reasons set forth above, the Court SUSTAINS Plaintiff's Motion for Attorneys' Fees and Costs. Doc. #19. Defendant is ORDERED to pay Plaintiffs' attorneys' fees in the amount of $22,887.50, plus $350.00 in costs, for a total of $23,237.50.[3] Plaintiff shall have ten days from the date of this Decision and Entry to submit supplemental billing records for time spent drafting her reply brief.

---

[3] The amount of costs is not in dispute.

Date: March 29, 2013

WALTER H. RICE
UNITED STATES DISTRICT JUDGE